**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-CR-00094-TWP-MJD |
| | ) | |
| BRIAN GIMELSON | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ENTRY ON GOVERNMENT'S 404(b) NOTICE**

On June 27, 2018, the Government filed a Notice of Intent to offer evidence pursuant to Federal Rule of Evidence 404(b), that: Defendant Brian Gimelson last filed individual tax returns with the Internal Revenue Service ("IRS") in 1993 and 1994, and while he failed to file federal income tax returns between 1995 and 2014, he filed over a dozen applications for extensions of time to file his tax returns and made intermittent payments to the IRS during that same period of time. The Government intends to offer this evidence to establish Gimelson's knowledge of his legal duty to file federal income tax returns with the IRS. (Filing No. 27.) Gimelson has not responded or objected to the Notice. For the reasons set forth below, the Government's Notice is **approved**.

## I.    BACKGROUND

On May 17, 2017, Gimelson was charged in an Indictment with Counts 1 and 2: Attempt to Evade or Defeat Tax in violation of 26 U.S.C. § 7201. (Filing No. 1). The Indictment charges that Gimelson has worked as a stock broker and investment broker for nearly 20 years. In February 2012, Green Moss Partners, LLC ("Green Moss") was formed by Gimelson and held several bank accounts in the Southern District of Indiana. In October 2012 Green Moss was involved in the

purchase and sale of a painting by Michelangelo Caravaggio. The Government alleges that between October 2012 and October 2015, Green Moss received approximately $1,230.000.00 for its involvement in the Caravaggio transaction and that Gimelson did not pay taxes on the $1,230,000.00. The Government further alleges that Gimelson, having his wife serve as the nominee managing member of the company, created Green Moss as his alter ego. They further allege that Gimelson attempted to evade and defeat the tax assessment of the income from the sale of the Caravaggio painting.

## II.    LEGAL STANDARD

Federal Rule of Evidence 404(b)(1) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." F.R.E. 404(b)(1). Rule 404(b)(2) allows such evidence when it is used for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. F.R.E. 404(b)(2). The Seventh Circuit has provided a four-part test to be used in 404(b) determinations. Courts are to consider whether: (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter at issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *See United States v. Howard,* 692 F.3d 697, 703 (7th Cir. 2012).

## III.    DISCUSSION

As noted above, the Government seeks to offer evidence establishing that Gimelson last filed individual tax returns with the IRS in 1993 and 1994, and while he failed to file federal income

tax returns between 1995 and 2014, he filed over a dozen applications for extensions of time to file his tax returns and made intermittent payments to the IRS during that same period of time. The Government intends to offer this evidence to establish Gimelson's knowledge of his legal duty to file federal income tax returns with the IRS. *See United States v. Zizzo*, 120 F.3d 1338, 1355 (7th Cir. 1997) (concluding "failure to file in earlier years was relevant to [defendant's] specific intent" and thus admissible against defendant charged with failure to file); *United States v. Hauert*, 40 F.3d 197, 199 (7th Cir. 1994) (concluding evidence of defendant's conduct during prior tax audit was "relevant to his actual subjective intent and his understanding of his income tax obligations to file and to pay tax on earnings from employment").

The Government contends that evidence of Gimelson's prior dealings with the IRS, including his failure to file tax returns, is directly relevant to his intent to commit the crimes alleged in the Indictment. The Court agrees. Evidence is direct when it "tend[s] to prove the elements of the offense . . . actually charged." *United States v. Vargas*, 689 F.3d 867, 874 (7th Cir. 2012). Accordingly, this evidence is not subject to 404 analysis. However, even under Rule 404(b), the Court finds this evidence is admissible under the four prong test. The evidence is directed toward establishing a matter at issue other than propensity, and the prior acts are similar enough and close enough in time to be relevant to the matters at issue in this trial. The probative value of Gimelson's prior dealing with the IRS and history regarding tax filings, outweighs any undue prejudice to Gimelson. Evidence of the prior tax filing history is admissible to establish not only knowledge of his legal duty to file federal income tax returns with the IRS, but also Gimelson's intent and lack of mistake.

## IV.   CONCLUSION

For the reasons stated herein, the Court **APPROVES** the evidentiary proffers contained in

the Government's Notice of Intent to Offer Evidence under Rule 404(b) (Filing No.27).

**SO ORDERED.**

Date:  7/11/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Michael J. Donahoe
INDIANA FEDERAL COMMUNITY DEFENDERS
mike.donahoe@fd.org

Caitlin Roberts Cottingham
UNITED STATES DEPARTMENT OF JUSTICE
caitlin.cottingham@usdoj.gov

Danny Lam Nguyen
UNITED STATES DEPARTMENT OF JUSTICE
danny.nguyen@usdoj.gov